THOMAS R. BURKE (CA State Bar No. 141930)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111
Telephone: (415) 276-6500
Facsimile:(415) 276-6599
Email: thomasburke@dwt.com

DAVID S. BRALOW (*pro hac vice forthcoming*)
VICTORIA J. NOBLE (CA State Bar No. 337290)
FIRST LOOK INSTITUTE, INC.
114 5th Avenue
New York, New York 10011-5604
Telephone: (917) 477-6500
Facsimile:
Email: david.bralow@theintercept.com
           victoria.noble@theintercept.com

Attorneys for Plaintiffs
FIRST LOOK INSTITUTE, INC.,
and SAM BIDDLE

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST LOOK INSTITUTE, INC., and SAM BIDDLE,<br><br>  Plaintiffs,<br><br>  v.<br><br>U.S. MARINE CORPS,<br><br>  Defendants. | Case No. 2:21-cv-05087<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF FOR VIOLATION OF THE FREEDOM OF INFORMATION ACT, 5 U.S.C. § 552 et seq.** |

Plaintiffs First Look Institute, Inc. ("FLI"), publisher of *The Intercept*, and Sam Biddle, an employee of FLI (collectively "The Intercept"), by and through their attorneys, Davis Wright Tremaine LLP, for their complaint alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552, et seq., by FLI—a non-profit American news organization that seeks to provide the public with original, independent journalism concerning the institutions and individuals responsible for shaping our world—and its staff reporter, Sam Biddle. The Intercept brings this action for injunctive and other appropriate relief, seeking the release of agency records from the United States Marine Corps, within the Department of Defense ("USMC").

2. Through this action, The Intercept seeks to compel the USMC to disclose records that would show the extent of human interaction with Lattice. According to press reports, Lattice is an artificial intelligence ("AI") defense system deployed at multiple USMC bases and along the U.S.–Mexico border.[1] Lattice is a software platform that receives data from a variety of sources, such as sensors and drones, then uses AI to synthesize the information into a complete, real-time picture of incoming threats.[2]

3. Military applications of AI are politically divisive.[3] Public backlash against other companies that developed AI applications for military use demonstrate the immense public interest in this subject. For example, in 2018, Google stopped working on AI-driven drones after 4,000 of its employees staged a widely

---

[1] *MIT Technology Review*, "Palmer Luckey's Military Startup Will Monitor US Bases with AI," Jul. 25, https://www.technologyreview.com/2019/07/25/668/anduril-palmer-luckeys-military-startup-will-monitor-us-bases-with-ai/.
[2] Tom Simonite, "Behind Anduril's Effort to Create an Operating System for War", *Wired*, (Oct. 8, 2020) https://www.wired.com/story/behind-anduril-effort-create-operating-system-war/; *Anduril*, "Our Work" (n.d.) https://www.anduril.com/work.
[3] Zachary Fryer-Biggs, "Can Computers Algorithms Learn to Fight Wars Ethically?" *Washington Post*, (Feb. 17, 2021) https://www.washingtonpost.com/magazine/2021/02/17/pentagon-funds-killer-robots-but-ethics-are-under-debate/.

1

publicized protest against the project.[4] Critics of Lattice in particular warn that such a powerful surveillance system threatens human rights abuses and invites misuse.[5] This ongoing debate, coupled with the fact that militarized AI is likely to increase in the future, renders this matter one of indelible public concern.

4. On December 3, 2020, *The Intercept* reporter Sam Biddle, on behalf of his employer, submitted a FOIA request ("the Request") to the USMC that went to the heart of the matters described above. A true and correct copy of the Request is attached hereto as "Exhibit A." USMC denied the Request in full pursuant to 5 U.S.C. § 552 (b)(4) ("Exemption 4") on January 12, 2021. A true and correct copy of this denial letter is attached hereto as "Exhibit B." Exemption 4 applies to "trade secrets and commercial or financial information obtained from a person and privileged or confidential[.]" 5 U.S.C. § 552 (b)(4).

5. Emails between Anduril counsel and USMC show that the Agency withheld many of the documents at Anduril's behest. A true and correct copy of these emails are attached hereto as "Exhibit C." USMC determined that several records were subject to disclosure, but Anduril counsel insisted that the agency withhold all of them. USMC ultimately obliged.

6. The Intercept filed the Appeal challenging this complete denial on March 5, 2021. *See* App. D.

7. USMC affirmed its complete denial of the Request under Exemption 4 in its Appeal Response on, dated April 9, 2021. *See* App. E.

8. With this case, The Intercept seeks to vindicate their rights and the public's rights to government transparency under FOIA.

---

[4] See, e.g., Fang, "Google Won't Renew its Drone AI Contract, but it May Still Sign Future Military AI Contracts," *The Intercept*, June 1, 2018, available at: https://theintercept.com/2018/06/01/google-drone-ai-project-maven-contract-renew/.
[5] Sam Dean, "A 26-Year-Old Billionaire Is Building Virtual Border Walls––And The Federal Government Is Buying," *Los Angeles Times*, Jul. 26, 2019, https://www.latimes.com/business/story/2019-07-25/anduril-profile-palmer-luckey-border-controversy.

2

COMPLAINT FOR DECLARATORY RELIEF FOR VIOLATING FOIA
Case No. 2:21-cv-05087

DAVIS WRIGHT TREMAINE LLP

## PARTIES

9. Plaintiff First Look Institute, Inc. ("FLI") is a not-for-profit American news organization headquartered at 114 5th Avenue, New York, NY 10011. FLI publishes *The Intercept*, an award-winning, nationally recognized news organization with a reputation for holding power to account. *The Intercept's* in-depth investigations focus on politics, war, surveillance, corruption, the environment, science, technology, criminal justice, and the media.

10. Plaintiff Sam Biddle is a technology reporter for *The Intercept*. He resides in Los Angeles County. Before joining *The Intercept,* he worked at Gizmodo, Gawker, and Valleywag. He has also contributed to a variety of news outlets, including *GQ*, *The Awl, Vice*, and the *New York Times Magazine*. He has appeared on several television and radio programs, such as CNN, NPR, CNBC, VH1, Bloomberg, and BBC News.

11. Defendant U.S. Marines is a component of Defendant U.S. Navy which is a component of Defendant U.S. Department of Defense ("DOD"), itself a component of the Executive Branch of the United States Government. Defendants are each an "agency" within the meaning of 5 U.S.C. § 552(f). Plaintiffs are informed and believe that the U.S. Marines has possession, custody, and/or control of the records sought by the FOIA Request.

## JURISDICTION AND VENUE

12. This Court has subject matter jurisdiction over this action and personal jurisdiction over the U.S. Marine Corps pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

13. Venue is proper in this district under 5 U.S.C. § 552 (a)(4)(B).

14. Plaintiffs are deemed to have exhausted all its administrative remedies because USMC upheld its complete denial of the Request on appeal. This complaint is therefore ripe for judicial review. 5 U.S.C. § 552 (a)(6)(A)(ii); 552 (a)(4)(B).

DAVIS WRIGHT TREMAINE LLP

3

COMPLAINT FOR DECLARATORY RELIEF FOR VIOLATING FOIA
Case No. 2:21-cv-05087

# FACTS

15. FOIA "focuses on the citizens' right to be informed about 'what their government is up to,'" by fostering the release of "[o]fficial information that sheds light on an agency's performance of its statutory duties." *DOJ v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 750, 773 (1989) (citation omitted). "[D]isclosure, not secrecy, is the dominant objective" of FOIA. *Dep't of Interior v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (internal quotation marks and citations omitted).

16. *The Intercept*, like other news organizations, plays a critical role in providing information to citizens about "what their government is up to." Indeed, the First Amendment's guarantee of freedom of the press is meant to enable journalists to play an "essential role in our democracy," to "bare the secrets of government and inform the people." *New York Times Co. v. United States*, 403 U.S. 713, 717 (1971) (Black, J., concurring).

17. Through the FOIA request at issue in this case, *The Intercept* seeks to fulfill its journalistic function and shine a public light on Lattice, produced by defense start-up Anduril. Upon information and belief, Lattice is an AI-driven defense system in use on multiple USMC bases and at the U.S.-Mexican border. It takes information from wide web of sources that include sensor towers, drones, and cameras, synthesizes the information, and presents it to users via a simple user interface.

18. The Request sought "any and all training documents, including instructional videos and presentations, pertaining to the use and maintenance of the Lattice Platform Sentry Towers installed at Marine Corps Base Hawaii (to include Camp Smith) per contract M95494-19-C-0012 awarded to Anduril Industries, Inc."

DAVIS WRIGHT TREMAINE LLP

4

COMPLAINT FOR DECLARATORY RELIEF FOR VIOLATING FOIA
Case No. 2:21-cv-05087

1      19.    USMC denied the request in full on January 12, 2021. According to
2  the denial letter (the "Denial"),

> A search of S-7 records uncovered 19 pages as responsive to your request. Review of the file revealed it was entirely exempt from disclosure under Exemption (b)(4) of the FOIA, because it contains information considered to be trade secrets and/or commercial information that is privileged or confidential. Accordingly, all 19 pages have been withheld under this exemption.

(Exhibit B). USMC included no additional explanation for its decision to withhold all 19 records pursuant to Exception 4.

    20.    Captain J.M. McGinley, the officer responsible for the Request, told Plaintiff's counsel that another USMC office determined that Exemption 4 applied, and that his office was bound by that determination.

    21.    Emails between USMC and Anduril's attorneys (the "Emails") show that Anduril influenced USMC's decision to deny the Request in its entirety[6] (Exhibit C). USMC's own review of the responsive records found that some of the responsive records were subject to disclosure. Anduril disagreed. Its counsel conducted its own review of the records and summarily concluded that they were all exempt because every record contained information "pertaining" to its proprietary software. Id. Anduril asserted that "[i]n lieu of any amplifying information regarding the FOIA request, we must claim Exemption 4 under the FOIA for the entire Anduril Lattice Web User Interface Guide."

    22.    The Intercept submitted via U.S. Mail an administrative appeal letter (the "Appeal") on March 5, 2021 challenging the overbroad application of Exemption 4 and the failure to segregate and release non-Exempt information. A true and correct copy of the Appeal is attached hereto as "Exhibit D."

---

[6] The Intercept obtained these Emails via a FOIA request, numbered 2021-003748. This request is separate and distinct from the Request at issue here.

DAVIS WRIGHT TREMAINE LLP

23. USMC rejected the appeal pursuant to Exemption 4, of which it informed The Intercept in a letter denying the Appeal (the "Appeal Denial") on April 9, 2021. A true and correct copy of the Appeal Denial is attached hereto as "Exhibit E."

## FIRST CAUSE OF ACTION

(Violation of FOIA for failure to release responsive records)

24. Plaintiffs repeat, reallege, and incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

25. The USMC is an agency subject to FOIA, 5 U.S.C. § 552(f), and therefore had an obligation to release responsive records not subject to a specific exemption.

26. The USMC's denial of The Intercept's entire FOIA request in reliance on a plainly inapplicable exemption, 5 U.S.C. § 552 (b)(4), demonstrates that the Defendant agency violated FOIA, 5 U.S.C. § 552(a)(3), by failing to disclose all responsive records in its possession at the time of the Request without providing a lawful reason for doing so.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

a. Declare that the records sought by the Request, as more particularly described above and in Exhibit A, are public records pursuant to 5 U.S.C. § 552, that the USMC improperly withheld the documents pursuant to 5 U.S.C. § 552(b)(4), that Exemption 4 does not apply, and that the records must be disclosed;

b. Order the USMC to provide those records to Plaintiffs, including electronic copies of records stored in electronic format, within 20 business days of the Court's order;

c. Award Plaintiffs the costs of this proceeding, including reasonable attorneys' fees, as authorized by FOIA; and

DAVIS WRIGHT TREMAINE LLP

6

COMPLAINT FOR DECLARATORY RELIEF FOR VIOLATING FOIA
Case No. 2:21-cv-05087

1    d.    Grant Plaintiffs such other and further relief as this Court deems just and proper.

Dated: June 24, 2021

                                                Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP
THOMAS R. BURKE

By: /s/ *Thomas R. Burke*
        THOMAS R. BURKE

FIRST LOOK INSTITUTE, INC.
DAVID S. BRALOW (*pro hac vice* forthcoming)
VICTORIA J. NOBLE

Attorneys for Plaintiffs
FIRST LOOK INSTITUTE, INC.,
and SAM BIDDLE